**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

TRUE MANUFACTURING COMPANY, INC.,

    Plaintiff,

v.                                                 Case No. 6:16-cv-634-Orl-37GJK

CHRISTOPHER BOYS;
COOLERDOORGASKETS.COM, INC.;
AMEET MAGNATH; and BLUEPRINT
UNIVERSITY, INC.,

    Defendants.

**ORDER**

This cause is before the Court on the following:

1. Plaintiff's Motion for Preliminary Injunction and Supporting Memorandum of Law (Doc. 2), filed April 14, 2016;

2. [Plaintiff True Manufacturing Company, Inc.'s] Motion for Final Default Judgment Against Defendants and Memorandum of Law (Doc. 34), filed June 23, 2016; and

3. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 35), filed November 8, 2016.

**BACKGROUND**

This action stems from Defendants' use of Plaintiff's trademarks ("**Marks**") to sell counterfeit parts for Plaintiff's products. (*See* Doc. 1.) Seeking recourse, Plaintiff filed suit against Defendants for: (1) false designation of origin under 15 U.S.C. § 1125(a); (2) statutory and common law trademark infringement; (3) cybersquatting in violation of

15 U.S.C. § 1125(d); and (4) unfair competition. (*Id.*) In addition, Plaintiff sought to preliminarily enjoin Defendants' use of the Marks. (Doc. 2 ("**PI Motion**").) Despite being given the opportunity to respond to the PI Motion (*see* Doc. 14), Defendants failed to make an appearance in this matter. Consequently, the Clerk entered default against Defendants (*see* Docs. 29, 30, 31, 32).

Plaintiff then moved for default judgment against Defendants, seeking: (1) transfer and cancellation of allegedly infringing domain names; (2) an order compelling the cancellation or suspension of an Amazon.com web page used to sell the counterfeit products ("**Amazon Store Front Page**"); (3) a permanent injunction; (4) statutory damages; and (5) attorney's fees. (Doc. 34 ("**Motion for Default Judgment**").) On referral, U.S. Magistrate Judge Gregory J. Kelly issued a detailed Report and Recommendation on the pending motions. (Doc. 35 ("**R&R**").) Ultimately, Magistrate Judge Kelly recommends that the Motion for Default Judgment be granted, with the exception of Plaintiff's requests to: (1) transfer a non-infringing domain name; and (2) compel action from certain non-parties. (*Id.*) Because the R&R contains a recommendation that the Court grant Plaintiff a permanent injunction against Defendants, Magistrate Judge Kelly recommends that the PI Motion be denied as moot. (*See id.*) No objections were filed.

## DISCUSSION OF FINDINGS IN THE R&R

**I. Liability Findings**

Accepting the well-pled allegations of the Complaint as true, Magistrate Judge Kelly found that the predicate facts support Plaintiff's trademark infringement, unfair competition, and false designation of origin claims. (*Id.* at 6.) With respect to Plaintiff's

cybersquatting claim, Magistrate Judge Kelly found that: (1) Defendants' **http://truerefrigerationgaskets.com** domain name ("**TRG Domain Name**") is confusingly similar to Plaintiff's Marks; and (2) that Defendant used the TRG Domain Name to display Plaintiff's Marks with a bad faith intent to profit from those Marks. (*See id.* at 7.) Accordingly, the R&R recommends that the TRG Domain Name be transferred to Plaintiff. (*Id.* at 7–9, 13.) In contrast, Magistrate Judge Kelly found that Defendants' **http://www.coolerdoorgaskets.com** domain name ("**CDG Domain Name**") is not confusingly similar to any of Plaintiff's Marks. (*Id.* at 7.)

## II.  Injunctive Relief

Having found Defendants liable for the majority of Plaintiff's claims, Magistrate Judge Kelly recommends that the Court issue a permanent injunction against Defendants based on his conclusion that Plaintiff has satisfied the four-factor test for injunctive relief set forth in *Ebay Inc. v. Mercexchange, LLC*, 547 U.S. 388 (2006). However, Magistrate Judge Kelly recommends that the Court deny Plaintiff's request to compel GoDaddy.com LLC and Amazon.com to "cancel, park, deactivate, or suspend" the CDG Domain Name and the Amazon Store Front Page, as these entities are not parties to this action. (*See id.* at 14.) Additionally, the R&R points out that Plaintiff did not provide any authority under which the Court may compel these entities to comply with a permanent injunction issued in this action. (*Id.* at 13.) As such, the R&R recommends that Amazon.com and GoDaddy.com be excluded from Plaintiff's proposed permanent injunction. (*Id.* at 14, 15.)

## III.  Monetary Relief and Attorney Fees

As for Plaintiff's request for statutory damages, the R&R recommends a total

award of $450,000 ("**Award**").¹ In support, Magistrate Judge Kelly found that: (1) the Marks are highly valued; (2) Defendants willfully infringed Plaintiff's Marks; and (3) the Award will sufficiently deter others from infringing Plaintiff's Marks. (*Id.* at 11.) The R&R also concludes that Plaintiff is entitled to reasonable attorney fees and costs on the ground that Defendant's willful conduct renders this action an exceptional case. (*Id.* at 15.)

While the Court agrees with the R&R's conclusion that an award of reasonable attorney's fees is warranted here, the Court writes separately to highlight the exceptional nature in light of the standard applied by the U.S. Supreme Court in *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), regarding the award of attorney's fees. In construing a similar fee-shifting provision for patent infringement actions, the U.S. Supreme Court held that "an exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756. Under this standard, "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

In light of the almost identical fee-shifting provisions under the Lanham and Patent Acts, courts within this Circuit and elsewhere have applied the *Octane Fitness* standard in considering whether attorney fees are warranted in trademark infringement actions.²

---

¹ Pursuant to 15 U.S.C. § 1117(c)(1), an award of statutory damages may range from $1,000 to $200,000 per counterfeit mark. The R&R recommends that the Court award Plaintiff $150,000 in statutory damages for each of the three counterfeit marks, for a total of $450,000. (Doc. 35, p. 11.)

² *See, e.g.*, *Georgia–Pacific Consumer Prods. LP v. Von Drehle Corp.*, 781 F.3d 710, 720–21 (4th Cir. 2015); *Donut Joe's, Inc. v. Interveston Food Servs.*, 116 F.3d 1290, 1292–94 (N.D. Ala. 2015); *RCI TM Corp. v. R & R Venture Grp., LLC*,

As this Court has previously done, it will apply the *Octane Fitness* standard here. *See CarMax Auto Superstores, Inc. v. StarMax Finance, Inc*, No. 6:15-cv-898-Orl37TBS, 2016 WL 3406425, at *2–3 (M.D. Fla. June 21, 2016).

Upon consideration, the Court finds that the first *Octane Fitness* factor is met here. For nearly three quarters of a century, Plaintiff has advertised and sold its products under its valuable and well-known Marks. (Doc. 1, ¶ 10.) According to the Complaint, Defendants commandeered Plaintiffs' Marks, incorporating them not only in the TRG Domain Name itself, but also displaying the Marks on other web pages. (*See id.* ¶¶ 20, 22, 24; *see also* Doc. 1-1, pp. 47, 49, 53.) Given the confusingly similar TRG Domain Name and blatant misuse of Plaintiff's Marks, the Court finds that Defendants deliberately intended to create customer confusion. Accepting the truth of the allegations in the Complaint, Defendants sought to directly compete with Plaintiff and profit from the goodwill generated by Plaintiff's Marks. (*See* Doc. 1, ¶¶ 41–42.) The obvious similarity between Plaintiff's Marks and the TRG Domain Name as well as Defendants' flagrant use of Plaintiff's Marks dispels the possibility that Defendants' infringement was anything less than willful. Viewed collectively, the conduct described in the complaint goes beyond simple willfulness into the realm of attempted fraud on the consumer. Consequently, the exceptional disparity between the parties' litigating position warrants an award of attorney fees. Accordingly, the Court agrees that this is an exceptional case and finds that an award of attorney's fees is warranted.

---

No. 6:13-cv-945-Orl-22, 2015 WL 668715, at *9–11 (M.D. Fla. Feb. 7, 2015); *High Tech Pet Prods., Inc. v. Shenzhen Jianfeng Elec. Pet Prods. Co.*, No. 6:14-cv-759-Orl-22TBS, 2015 WL 926023, at *1–2 (M.D. Fla. Mar. 4, 2014).

## CONCLUSION

Absent objections, the Court has independently reviewed the R&R for fairness, applied the legal standard set forth in *Octane Fitness*, and determined that Magistrate Judge Kelly's recommendations are correct. *See* 28 U.S.C. § 636(b)(1) (suggesting that a de novo review is only required when a party objects to the proposed findings and recommendations). As such, the Court finds that the R&R is due to be adopted.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Consistent with the legal standard set forth in this Order, U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 35) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

2. Plaintiff's Motion for Preliminary Injunction and Supporting Memorandum of Law (Doc. 2) is **DENIED AS MOOT**.

3. [Plaintiff True Manufacturing Company, Inc.'s] Motion for Final Default Judgment Against Defendants and Memorandum of Law (Doc. 34) is **GRANTED IN PART AND DENIED IN PART**.

4. Defendants are liable for false designation of origin under 15 U.S.C. § 1125(a).

5. Defendants are liable for infringement of Plaintiff's federally registered trademarks under 15 U.S.C. § 1114.

6. Defendants are liable for cybersquatting under 15 U.S.C. §1125(d) with respect to the use of the http://truerefrigerationgaskets.com domain name only. Defendants are not liable for cybersquatting with respect to the use of the http://www.coolerdoorgaskets.com domain name.

7. Defendants are liable for common law trademark infringement of Plaintiff's federally registered marks under Florida law.

8. Defendants are liable for common law unfair competition under Florida law.

9. No later than **ten (10) days** after being served with this Order, Defendants are **DIRECTED** to transfer the http://truerefrigerationgaskets.com domain name to Plaintiff.

10. The Clerk is **DIRECTED** to:

    a. Enter default judgment in favor of Plaintiff True Manufacturing Company, Inc. and against Defendant Christopher Boys, Coolerdoorgaskets.com, Inc., Ameet Magnath, and Blueprint University, Inc. on Counts I–IV of the Complaint (Doc. 1).

    b. Enter judgment in the amount of $450,000.00 in statutory damages.

11. Defendants Christopher Boys, Coolerdoorgaskets.com, Inc., Ameet Magnath, and Blueprint University, Inc., their agents and employees, and all persons in act of concert or participation with them are **PERMANENTLY ENJOINED** from marketing, promoting, selling delivering, copying, manufacturing, commercially or otherwise, any knock-off product bearing the TRUE® Family of Marks, or any reproduction, counterfeit, copy, colorable imitation, confusingly similar, or substantially similar variation of said marks, including but not limited to on Defendants' web sites, Amazon.com, or social media.

12. Pursuant to 15 U.S.C. § 1117(a), the Court finds that Plaintiff is entitled to reasonable attorney's fees and costs. Plaintiff may submit a motion for such

relief on or before Monday, **December 19, 2016**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 2, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record