# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TRUE MANUFACTURING COMPANY, INC.,**

      **Plaintiff,**

v.                                                       Case No:   6:16-cv-634-Orl-37GJK

**CHRISTOPHER BOYS,
COOLERDOORGASKETS.COM, INC.,
BLUEPRINT UNIVERSITY, INC., and
AMEET MEGNATH,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF TRUE MANUFACTURING COMPANY, INC.'S, MOTION FOR ATTORNEYS' FEES AND COSTS** (Doc. No. 38) |
| **FILED:** | **December 19, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND.

On April 14, 2016, Plaintiff filed a complaint against Defendants for false designation of origin under 15 U.S.C. § 1125(a); trademark infringement under 15 U.S.C. § 1114; violating the Anticybersquatting Consumer Protection Act under 15 U.S.C. § 1125(d); common law trademark infringement; and common law unfair competition. Doc. No. 1. After being served, the Defendants did not appear, and on December 5, 2016, a default judgment was entered against them. Doc. No. 37. In determining that Plaintiff was entitled to a default judgment, the Court also ruled that

Plaintiff is entitled to an award of reasonable attorney's fees and costs under 15 U.S.C. § 1117(a). Doc. No. 36 at 7-8. Pursuant to the Court's Order, on December 19, 2016, Plaintiff filed a motion for attorney's fees and costs (the "Motion"). Doc. No. 38. In the Motion, Plaintiff asks that the "Court enter an Order awarding True Manufacturing Company $19,675.55 in attorneys' fees and costs, and to grant such other relief as the Court deems just and proper under the circumstances." *Id.* at 2. Defendants did not file a response to the Motion.

## II.   ANALYSIS.

The Court uses the lodestar method in determining a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. *Id.* at 1303.

"Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.* at 1299. At a minimum, satisfactory evidence "is more than the affidavit of the attorney performing the work." *Id.* Nonetheless, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to the value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

In the Motion, Plaintiff did not itemize the rates it is seeking for its attorneys' work. Instead, in the billing records attached to the Motion, it can be deduced that Plaintiff billed the following

rates: $95 per hour for a person with the initials "GMC;"[1] $125 per hour for a law clerk; $325 per hour for Allison R. Imber, a shareholder; and $365 per hour for Ryan T. Santurri, another shareholder. Doc. No. 38-1 at 1, 2, 6, 8, 10, 12. Plaintiff submitted detailed billing records and affidavits from Santurri and attorney Jon M. Gibbs in support of the Motion. *Id.*

According to Santurri's affidavit, he is a shareholder at Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A., and has over eleven years' experience in litigating intellectual property matters in federal courts. *Id.* at 1-2. The billing records indicate that Santurri billed 43.8 hours at a rate of $365 per hour, Imber billed 4.8 hours at a rate of $325 per hour, the law clerk billed 15.6 hours at a rate of $125 per hour, and GMC billed 2.4 hours at a rate of $95 per hour. *Id.* at 6, 8, 10, 12.

In Gibbs's affidavit, he attests that he has continuously practiced law in central Florida for the past fifteen years, including trying trademark infringement claims, and that he is board certified by The Florida Bar in Intellectual Property Law. Doc. No. 38-2 at ¶ 2. Based on his experience, Gibbs is familiar with "the reasonable value of legal services in the Orlando area." *Id.* at ¶ 4. Gibbs opines that a reasonable hourly rate "for partners in intellectual property law ranges between $325 and $550 per hour. The prevailing hourly rate for paralegals with experience in intellectual property law is $85 to $225." *Id.* at ¶ 8.

The rates charged by Santurri, Imber, and the law clerk[2] fall within the ranges set forth in Gibbs's affidavit. The undersigned is also familiar with reasonable hourly rates in this region. Thus, upon consideration of Gibbs's affidavit and the undersigned's own familiarity with the prevailing market rates for attorneys with similar experience, skill, and reputation and law clerks in the Orlando region, the undersigned finds the rates billed to be reasonable. As there is no

---

[1] The Motion does not indicate GMC's identity.
[2] Although Gibbs did not opine on a reasonable rate for a law clerk, the rate billed for the law clerk is well within the range that would be a prevailing rate for paralegals with experience in intellectual property law. Doc. No. 38-1 at 6; No. 38-2 at ¶ 8.

information regarding GMC, the undersigned cannot determine whether GMC's rates are reasonable.

"The next step in the computation of the lodestar is the ascertainment of reasonable hours." *Norman*, 836 F.3d at 1301. Gibbs reviewed Santurri's affidavit and the docket and states that he is "familiar with the complexity of the various and multiple filings which occurred and am somewhat familiar with the complexity of an extent of the significant damages and investigative work involved in this case." Doc. No. 38-2 at ¶ 9. Gibbs opined that a reasonable number of attorney hours for work on this case would range from forty-nine to one hundred, and that a reasonable number of paralegal and law clerk hours would range from twenty to fifty. *Id.* at ¶ 10. Santurri and Imber billed 48.6 hours, and the law clerk billed 15.6 hours. Doc. No. 38-1 at 6, 8, 10, 12. These amounts are below the range in Gibbs's affidavit. The undersigned also reviewed the billing records, and in light of this review and Gibbs's suggested range, the undersigned concludes that the hours worked by the attorneys and the law clerk were reasonable.

Multiplying the rates by the amount worked (and excluding time attributed to GMC), the lodestar is $19,497.00. The lodestar may be adjusted "to account for other considerations that have not yet figured in the computation, the most important being the relation of the results obtained to the work done." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000). "If the result was excellent, then the court should compensate for all hours reasonably expended." *Norman*, 836 F.2d at 1302. On the other hand, "[i]f the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.* Upon consideration of the outcome of this action—a default judgment and a permanent injunction—the undersigned finds no reason to adjust the lodestar. It is therefore **RECOMMENDED** that the Court find that Plaintiff is entitled to $19,497.00 in attorney's fees.

Also contained in the billing records attached to the Motion are items for costs. Doc. No. 38-1 at 5, 8, 9, 10, 12. Several of these items are not explained either in the Motion or the supporting documentation. The first such item is described as "Express Mail/Delivery Services Federal Express," for $60.64. *Id.* at 5. The billing records also contain four items labeled, "Translation fees incl typing documents Process Service, Copies," dated June 1, 2016, two of which are for $62.25, and two of which are for $57.50. *Id.* at 9. Lastly, an item on one of the billing records is listed as "Other Door Gasket." *Id.* at 12. These items lack sufficient explanation to determine if they are recoverable costs. *See Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000) (party seeking costs must provide sufficient detail and documentation regarding the request so that the opposing party may challenge the costs and so the court may conduct a meaningful review of the costs).

The billing records also contain two entries for "Court Fees Filing Fee," one dated April 13, 2016 (check number 54726), and one dated May 13, 2016 (check number 54825), for $400 each. *Id.* at 8, 10. The Complaint was filed on April 14, 2016, so it appears that the entry for April 13, 2016, is compensable as the filing fee. There is no explanation regarding the May entry, and it is not clear from the docket what this fee is for. Therefore, it is recommended that Plaintiff only be entitled to the April filing fee.

Accordingly, it is **RECOMMENDED** that the Court find that Plaintiff demonstrates entitlement to $400.00 in costs. Although Plaintiff demonstrates an entitlement to a total of $19,897.00 in attorney's fees and costs, in the Motion, Plaintiff requests an award of $19,675.55. Doc. No. 38 at 2. Therefore, it is **RECOMMENDED** that the Court award Plaintiff the amount it requested.

### III.     CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 38) be **GRANTED** and that Plaintiff be awarded $19,675.55 in attorney's fees and costs against Defendants.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on March 27, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy